IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *ex rel*. DANNY CAVIC, | ) |
| | ) |
| Plaintiff-Relator, | ) |
| | ) |
| v. | ) CIVIL NO:   18-4176 |
| | ) |
| MAVEN ENGINEERING | ) |
| CORPORATION, KAVITA DAWSON, | ) |
| AND ROBINSON MFG., INC., | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO
RELATOR'S COUNSELS' OPPOSED MOTION TO WITHDRAW REPRESENTATION
AND TERMINATE ELECTRONIC NOTICES (DOCKET NO. 12)**

Pursuant to 28 U.S.C. § 517,[1] the United States respectfully submits this Statement of Interest in Response to Relator's Counsels' Opposed Motion to Withdraw Representation and Terminate Electronic Notices (Docket No. 12).

In their motion, counsel for Relator Danny Cavic seek "an order granting their withdrawal from representation of Relator" and request that Relator be given 90 days from the date of the order to obtain new counsel and serve the defendants.  The motion does not request a stay of the proceedings to permit Relator time to obtain new counsel.  Because granting the motion would result in the Relator proceeding *pro se* for a period of time before securing new counsel, the United States wishes to notify the Court of the prevailing case law, in this and other Circuits, which holds that an unrepresented relator may not pursue a *qui tam* action.  *United*

---

[1] This provision authorizes the Attorney General of the United States to attend to the interests of the United States in any action in federal or state court.

*States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004) ("a *pro se* relator cannot prosecute a *qui tam* action, because he is acting as an attorney for the government"), abrogated on other grounds by *Eisenstein v. City of New York,* 556 U.S. 928 (2009); *accord Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret [28 U.S.C.] § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions."); *see also Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243-45 (4th Cir. 2020); *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017); *Timson v. Samson*, 518 F.3d 870, 872-73 (11th Cir. 2008); *United States ex rel. Platt v. Argosy Univ.*, Case No. 1:13-cv-1257-JMS-MJD, 2013 U.S. Dist. LEXIS 133290 (S.D. Ind. Sept. 18, 2013). The Seventh Circuit explained that:

> a *qui tam* relator – even one with a personal bone to pick with the defendant – sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.

*United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006). The United States considers the prevailing case law to be correctly decided.

The United States has no objection to Relator's counsels' withdrawal. However, consistent with settled case law holding that a *qui tam* relator may not proceed *pro se*, the Relator must obtain new representation by a licensed attorney in order to proceed with the action on behalf of the United States, the real party in interest in this lawsuit.

Dated:   May 14, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

DOUGLAS J. QUIVEY
Acting United States Attorney

By: s/John D. Hoelzer
John D. Hoelzer, IL Bar No. 6295098
Assistant United States Attorney
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217-492-4450
Email: john.hoelzer@usdoj.gov

JAMIE A. YAVELBERG
ALLISON CENDALI
ARNOLD M. AUERHAN
U.S. Department of Justice
Attorneys, Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20044