IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* Danny Cavic, | § § § | |
| Plaintiffs, | § § § | RELATOR DANNY CAVIC'S MOTION FOR LEAVE TO FILE |
| v. | § § | FIRST AMENDED COMPLAINT UNDER SEAL |
| MAVEN ENGINEERING CORPORATION, KAVITA DAWSON, AND ROBINSON MFG., INC. | § § § § | FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2) |
| Defendants. | § § | |

### RELATOR DANNY CAVIC'S MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT UNDER SEAL

On December 16, 2021, Plaintiff Danny Cavic ("Cavic" or "Plaintiff") filed his FIRST AMENDED COMPLAINT (the "Complaint") by and through his undersigned counsel. The Complaint alleges violations of the False Claims Act never set forth in any prior complaint. For the reasons outlined below, Plaintiff requests the Court grant this motion and permit Plaintiff to file an unredacted version of the Complaint under seal.

This Court has authority to protect information as outlined in the False Claims Act. *See* 31 U.S.C. §§ 3730 (b)(2). Although there is a strong public interest in accessing judicial records, courts have recognized a joint prosecutorial privilege in cases where a qui tam relator must turn over evidence to the government. *See United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 918 F.Supp. 1338, 1346 (E.D.Mo.1996). The joint-prosecutorial privilege as a logical and natural extension of the work product doctrine, much like the joint-defense privilege. *See United States ex rel. Purcell v. MWI Corp.*, 209 F.R.D. 21, 27, (D.C. 2002).

Moreover, courts have held in cases, like here, that the sealing requirement applies when

a realtor "add[s] new claims for relief or new and substantially different allegations of fraud". *United States ex rel. Davis v. Prince*, 766 F.Supp.2d 679, 684 (E.D. Va. 2011). Not filing an amended complaint under seal may deprive the government of its right to intervene as to the new claims. *Compare* § 3730(b)(2) ("The Government may elect to intervene and proceed with the action ...."), *with* § 3730(c)(3) ("When a person proceeds with the action, the court, without limiting the status and rights of the [relator], may nevertheless permit the Government to intervene at a later date upon a showing of good cause.").

    Accordingly, new information contained in the Complaint is protected by the False Claims Act. Filing this Complaint under seal will preserve the government's ability to intervene with good cause. Therefore, Plaintiff respectfully requests this Court grants his motion and permit Plaintiff to file an unredacted version of the Complaint under seal.

    Dated: December 16, 2021

Respectfully submitted,

/s/ *Joseph Whitcomb*

Joseph A. Whitcomb, Esq.

WHITCOMB, SELINSKY, P.C.
2000 South Colorado Blvd.
Tower One, Suite #9500
Denver, CO 80222
Tel: (303) 534-1958
Fax: (303) 534-1949
joe@whitcomblawpc.com

*Attorney for Relator Danny Cavic*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 16, 2021, I electronically filed the foregoing "RELATOR DANNY CAVIC'S MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT UNDER SEAL" with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys that have appeared on this case.

                                                                                                */s/* Joe Whitcomb
                                                                                               Joseph Whitcomb